UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 1:20-cr-00048-HAB-ALT-7 |
| | ) | |
| JAMES R. RUSSELL, JR. | ) | |

**FINDINGS AND RECOMMENDATION**
**OF THE MAGISTRATE JUDGE**
**(Final Supervised Release Revocation)**

TO:    THE HONORABLE HOLLY A. BRADY, CHIEF JUDGE,
UNITED STATES DISTRICT COURT

This matter is before the Court on a Petition for Warrant for Offender Under Supervision

(the "Petition") filed on May 27, 2025. (ECF 438). On March 18, 2026, Chief Judge Holly A.

Brady referred this case to Magistrate Judge Andrew L. Teel to conduct a Final Supervised

Release Revocation Hearing, and to make findings and recommendations as to: (1) whether

Defendant admits or denies the violations; (2) whether Defendant is guilty of committing the

violations; (3) whether Defendant's term of supervised release should be revoked; (4) whether a

term of imprisonment and/or term of supervised release should be revoked; and (5)

recommended terms of supervised release. (ECF 460).

On March 16, 2026, the U.S. Probation Officer filed a Summary Report of Violations

(the "Summary Report") to include information regarding Defendant's compliance during the

pendency of the revocation and to reflect the agreed upon resolution by the parties. (ECF 456).

On March 17, 2026, a Notice of Court's Proposed Amended Conditions of Supervised

Release (the "Notice") (ECF 457) was filed, which provided that any objections to the proposed

amended conditions of supervised release be filed within 14 days of the issuance of the Notice

(*id.* at 5). To date, no objections have been filed in response to the Notice.

A Final Supervised Release Revocation hearing was held before Magistrate Judge Andrew L. Teel on March 24, 2026. (ECF 463). The hearing was in full compliance with Federal Rule of Criminal Procedure 32.1 before the Magistrate Judge in open court and on the record.

In consideration of that hearing and the statements made by Defendant under oath on the record and in the presence of counsel, the remarks of the Assistant United States Attorney, and the remarks of counsel for Defendant,

I find as follows:

(1) that Defendant understands the nature of the violations set forth in the Petition and the Summary Report (the "Violations");

(2) that Defendant admits the Violations;

(3) that Defendant is competent to admit the Violations, and his admission is knowingly and voluntarily made;

(4) that there is a factual basis for the Violations;

(5) that the admitted Violations have been proven by a preponderance of evidence;

(6) that the admitted Grade B Violation, combined with Defendant's criminal history category of VI, produce an advisory guideline sentencing range of 21 to 27 months imprisonment;

(7) that the parties have agreed upon a recommended disposition to revoke Defendant's term of supervised release and impose a sentence of 24 months imprisonment followed by 12 months of supervised release; and

(8) that the amended conditions of supervised release set forth in the Notice, to which there is no objection, should be imposed.

Therefore, I RECOMMEND that the District Judge direct the clerk to enter a judgment that Defendant is guilty of committing the admitted Violations of his supervised release. I further RECOMMEND that Defendant's term of supervised release be revoked, and that a sentence of 24 months imprisonment[1] followed by 12 months of supervised release on the amended conditions set forth in the Notice (ECF 457) and summarized in Exhibit A attached hereto, be imposed.

Objections to these Findings and Recommendation are waived unless filed and served within 14 days. *See* 28 U.S.C. § 636(b)(1).

DATED this 25th day of March 2026.

/s/ Andrew L. Teel
Andrew L. Teel
United States Magistrate Judge

---

[1] Defendant has a preference to be placed by the Bureau of Prisons at the facility in Butner, North Carolina.

Exhibit A

**The Court proposed the following conditions, as required by 18 U.S.C. § 3583(d):**

1. The Defendant shall not commit another Federal, State, or local crime, during the period of supervision.

2. The Defendant shall not unlawfully possess a controlled substance.

3. The Defendant shall refrain from any unlawful use of a controlled substance.

4. The Defendant shall submit to a drug test within 15 days of release on supervision.

5. The Defendant shall submit to at least two periodic tests thereafter for use of a controlled substance.

6. The Defendant shall cooperate in the collection of a DNA sample from the Defendant, if the collection of such sample is authorized pursuant to Section 3 of the DNA Analysis Backlog Elimination Act of 2000 and 34 U.S.C. § 40702.

**The Court proposes the following discretionary conditions as provided by 18 U.S.C. §§ 3563(b)(1)-(23) and 3583(d):**

7. The Defendant shall not knowingly leave the federal judicial district of the Northern District of Indiana, unless granted permission to leave by the Court or a probation officer. A map of the federal judicial district of the Northern District of Indiana and its 32 counties can be found at the website for the United States Probation and Pretrial Services (http.//www.innp.uscourts.gov/offices/offices.html).

8. The Defendant shall report to the probation officer as reasonably directed by the Court or the probation officer, which includes the requirement that the Defendant report in person to the probation office in the district to which the Defendant is released for supervision within 72 hours of release from the custody of the Bureau of Prisons.

9.  The Defendant shall answer inquiries by a probation officer pertaining to his supervision and notify the probation officer within 72 hours of any change in place of residence or change of employer. This condition does not prevent the Defendant from invoking his Fifth Amendment privilege against self-incrimination.

10. The Defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer.

11. The Defendant shall permit a probation officer to visit him at his home between the hours of 8:00 AM and 8:00 PM. A probation officer can make an oral or written request to the Court to allow for a reasonable alternative time period or place for the visit. The Defendant shall permit confiscation of any contraband observed in plain view by the probation officer.

12. The Defendant shall make reasonable effort to maintain employment at a lawful occupation, unless excused by the probation officer for acceptable reasons (e.g., age, schooling, training, childcare, elder care, disability, age, or serious health condition) or shall pursue a course of study or vocational training that will equip the Defendant for employment at a lawful occupation. The Defendant shall not be self-employed.

13. The Defendant shall not meet, communicate, or otherwise interact with a person whom he knows to be engaged, or is planning to be engaged, in criminal activity.

14. The Defendant shall not knowingly possess a firearm, ammunition, destructive device, or any other dangerous weapon.

**The Court proposes the following discretionary conditions in consideration of U.S.S.G. § 5D1.3:**

15. The Defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency, without the permission of the Court.

16.     The Defendant shall not consume alcohol and shall refrain from any use of a narcotic drug or other controlled substances, as defined in Section 102 of the Controlled Substances Act (21 U.S.C. § 802), without a prescription by a licensed medical practitioner.

17.     The Defendant shall participate in a program approved by the United States Probation Office for substance abuse, which may include testing for the detection of alcohol, controlled substances, or illegal mood-altering substance, if necessary, after evaluation at the time of release.

18.     The Defendant shall pay all or part of the costs for participation in the above programs not to exceed the sliding fee scale as established by the Department of Health and Human Services and adopted by this Court, as the U.S. Probation Office determines that the Defendant is financially capable of paying. Failure to pay due to financial inability shall not be grounds for revocation.